IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE MULLANE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-10-RGA |
| | : | |
| MIDLAND MORTGAGE, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Plaintiff, pro se, filed a complaint in the District of Connecticut in July 2017. (D.I. 1). It alleged a number of torts related to damage caused to a property that Plaintiff owned in Kent County. Defendant was Midland Mortgage Co., which had a mortgage on the property, thought the property was vacant, and asked its agent, "Safeguard Property Preservation Co.," to take various actions to protect Midland's interests. Safeguard entered the property and caused damage. Jurisdiction was based on diversity. Plaintiff filed an amended complaint in late 2018. (D.I. 60). Among other things, it named Safeguard Properties LLC as a second defendant. And it now included a Fair Debt Collection Practices Act count. The case was then transferred to Delaware. (D.I. 67).

I struck the amended complaint that had been filed without permission, but gave Plaintiff leave to file another amended complaint. (D.I. 71). A year went by as I dismissed the case for failure to prosecute (D.I. 87), and then reopened the case and permitted Plaintiff to file an amended complaint. (D.I. 94). Plaintiff filed an amended complaint. (D.I. 95). It appears to be about the same complaint that Plaintiff filed in late 2018.

1

Defendant Midland has filed a motion to dismiss. (D.I. 96). Plaintiff's opposition to the motion consists of three documents identifying Safeguard as a frequent litigant and someone that breaks into homes.[1] (D.I. 106).

Plaintiff's complaint, in essence, alleges the following. She owns property in Kent County. She lives in Connecticut. Someone visits the property on her behalf from time to time. Her representative discovered on March 18, 2016, that the property had been broken into, the lock and door handle changed, and a lock box installed. When her attorney called Midland, he was told that Plaintiff or the attorney needed to contact Safeguard to get the lock box removed and to regain access. They were given the run around, with Safeguard saying Midland had not authorized release of the property, and Midland saying that Safeguard would release the property to her. Midland finally gave her the lock box code on May 13, 2016. By then, the property was suffering from mold and water damage. Safeguard told Plaintiff that it took possession of the property on February 24, 2016, and reported the mold to Midland on March 25, 2016, but Midland took no action. Midland did not help her with her insurance claim. Plaintiff alleges trespass, conversion, "statutory theft under [Connecticut] law," negligence, private nuisance, tortious interference, negligent infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, violations of various sections of the Fair Debt Collection Practices Act, and violations of the Delaware Consumer Fraud Act, the FTC Act, and the Dodd-Frank Act.

Defendant's motion to dismiss states that it was the mortgagee (which is at least implicit in Plaintiff's complaint). To some extent, its motion is based on a contrary view of the facts, and the inclusion of facts that Plaintiff does not allege (*e.g.*, that there were "dead cats in the freezer"

---

[1] Safeguard is not represented and does not appear to have been served with any papers.

(D.I. 97 at 4)). Of course, I must accept Plaintiff's allegations as true, and ignore Defendant's facts that seem to be asserted for no other reason than to try improperly to influence me.

Defendant says the trespass claim must fail because it had "consent or privilege" to enter the land after it was "reported vacant." Defendant relies upon a provision in the mortgage. Even assuming I can consider the mortgage at this point, I do not see it as permitting Defendant to break into the property without taking some reasonable steps to see whether the property is really being "wasted." (The mortgage was apparently paid every month. The report Defendant provides shows the grass was cut, no windows were broken, and the condition of the property was not bad.) I think Plaintiff plausibly states a claim for trespass.

Defendant mainly opposes the conversion claim on the basis that the allegation is that Safeguard entered the property, not Midland. But I think it is clear that the complaint alleges that Safeguard was Midland's agent. I think the conversion claim against Midland is plausibly stated.

As to the theft under Connecticut law claim, I will grant the motion to dismiss. Whatever happened, it happened in Delaware, and Delaware law applies. As Defendant points out, the conversion claim is essentially a claim of theft, and thus the Connecticut theft claim is redundant of the conversion claim.

As to the negligence claim, Defendant's primary argument is that it owed no duty of care to Plaintiff. Reading the complaint in the light most favorably to Plaintiff, and recalling that she is pro se, Defendant locked her out of her property for two months for no valid reason. At this stage of the case, I cannot say that it does not owe her a duty of care when it locks her out of her property. As to the mold, presumably even if it predated Defendant's actions, mold gets worse if not remediated. I will not dismiss the negligence count.

As to the private nuisance claim, I cannot tell from Plaintiff's complaint what the private nuisance is supposed to have been. I also note that when I ran a Westlaw search for "private nuisance," the response was, "No results found for [Delaware]."[2] It is not obvious to me that the facts as alleged fit into any possible private nuisance theory, as she alleges trespass. Thus, I will dismiss this count with leave to amend.

I agree with Defendant that Plaintiff does not state a claim for tortious interference with contract. I will grant the motion to dismiss as to that count.

I agree with Defendant that Plaintiff does not state a claim for negligent infliction of emotional distress. *See Spence v. Cherian*, 135 A.3d 1282, 1289-90 (Del. Super. Ct. 2016). I will grant the motion to dismiss as to that count.

I agree with Defendant that Plaintiff cannot plead breach of the implied covenant of good faith and fair dealing unless she also pleads a contract between her and Midland. She does not. Therefore, I will grant the motion to dismiss as to that count.

I agree with Defendant that on the face of the complaint the Fair Debt Collection Practices Act is barred by the one-year statute of limitations (15 U.S.C. §1692k(d)) as the suit was filed on July 20, 2017, and the trespass and lock box occurred before March 2016, which is when Plaintiff learned of them. I will grant the motion to dismiss as to that count.

The last count of the complaint asserts various theories. As to consumer fraud, the Delaware Consumer Fraud Act, 6 Del. C. § 2513(a), does not apply. Among other things, it only applies when the defendant is selling or leasing or attempting to sell or lease something. As to

---

[2] Defendant cites to a case (D.I. 97 at 10) involving a discussion of nuisance per se, but I do not think that is what Plaintiff is alleging here. It appears that "private nuisance" is a theory recognized in some jurisdictions as "a non-trespassory invasion of another's interest in the private use and enjoyment of land." *Reynolds v. Rick's Mushroom Service, Inc.*, 246 F.Supp.2d 449, 460 (E.D. Pa. 2003).

the FTC Act and the Dodd-Frank Act, I do not believe there is a private right of action.

Therefore, I will dismiss the last count of the complaint.

     A separate order will be entered.

                                        /s/ Richard G. Andrews_____
                                        United States District Judge