IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE MULLANE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-010-RGA |
| MIDLAND MORTGAGE, | : | |
| Defendant. | : | |

**MEMORANDUM**

Plaintiff, *pro se*, filed a complaint in the District of Connecticut in July 2017. (D.I. 1). It alleged a number of torts related to damage caused to a property that Plaintiff owned in Kent County. Defendant was Midland Mortgage Co., which had a mortgage on the property, thought the property was vacant, and asked its agent, "Safeguard Property Preservation Co.," to take various actions to protect Midland's interests. Safeguard entered the property and caused damage. Jurisdiction was based on diversity. Plaintiff filed an amended complaint in late 2018. (D.I. 60). I dismissed the case for failure to prosecute and then permitted Plaintiff to file an amended complaint. (D.I. 94). Plaintiff filed an amended complaint and Defendant Midland has filed a motion to dismiss that was granted in part. (D.I. 96, 107, 108). I dismissed several claims, determined that Plaintiff had plausibly stated claims for trespass, conversion, negligence, and gave Plaintiff leave to amend the private nuisance claim.

Defendant filed a Second Amended Complaint, which realleges the private nuisance claim. Defendant moves to dismiss the private nuisance claim for failure to state a claim upon which relief may be granted. (D.I. 115, 116). Plaintiff opposes. (D.I. 118). Plaintiff has filed a

1

motion to vacate the order dismissing Defendant Safeguard Properties LLC who was dismissed on February 12, 2012 for Plaintiff's failure to timely serve it. (D.I. 119).

**Motion to Dismiss.** When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 545. Factual allegations do not have to be detailed, but may provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Defendant argues that the Second Amended Complaint is essentially identical to the previously filed Amended Complaint, is void of any additional factual allegations that would state a claim for private nuisance, and that Plaintiff shortened the count rather provide additional factual allegations to support the claim. The Second Amended Complaint alleges that Plaintiff owns the Property; Defendants broke into her home; the act" caused interference with the Plaintiff's use and enjoyment of the property"; and the interference was substantial or unreasonable. (D.I. 112 at 9). Defendant argues that it is unclear as to what, if any, non-trespassory invasion Plaintiff is referring to, and as such Plaintiff has failed to meet the pleading

2

standards. Instead, Plaintiff's claim is duplicative of her trespass claim as she seemingly focuses on the fact that Defendants' allegedly "broke into her home."

A private nuisance is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Lechliter v. Delaware Dep't of Nat. Res. & Env't Control*, 2015 WL 9591587, at *16 (Del. Ch. Dec. 31, 2015), *aff'd*, 146 A.3d 358 (Del. 2016). Here, the facts as alleged fail to fit into any possible private nuisance theory, as Plaintiff alleges Defendants "broke into" her home, which is basically the same as trespass. Plaintiff fails to state a private nuisance claim. Therefore, I will grant Defendant's motion to dismiss Count Four: Private Nuisance. Plaintiff was provided an opportunity to amend to cure her pleading defects, yet she failed to do so. Because Plaintiff failed to remedy the defects, despite notice and an opportunity to cure them, granting her another opportunity to amend the private nuisance claim would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012).

**Motion to Vacate.** Plaintiff moves the Court to vacate the February 12, 2021 Order that dismissed Defendant Safeguard Properties for Plaintiff's failure to submit the USM-285 form required for service. (*See* D.I. 119, 120). Plaintiff indicates that she mailed the form to the Court on December 18, 2020. (D.I. 120). The form is not in the Court file. On April 2, 2021, the Court received copies of the Second Amended Complaint, a summons for Safeguard Properties Management, LLC, and a USM-285 form for Safeguard Properties Management, LLC. The USM-285 form has a handwritten "12-18-20" with a strike through it and "03/17/21" written above it.

I will grant the motion to vacate, and reinstate Safeguard Properties Management, LLC as a Defendant. Service shall take place as set forth in the October 30, 2020 Service Order. (*See* D.I. 113).

A separate order will be entered.

[signature]
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2021