IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE MULLANE, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civil Action No. 19-010-RGA |
| MIDLAND MORTGAGE, et al., | : : | |
| Defendants. | : : | |

Catherine Mullane, Ridgefield, Connecticut. Pro Se Plaintiff.

David Shane Gunter, Esquire, and Kevin P. Polansky, Esquire, Nelson Mullins Riley & Scarborough LLP, Charlotte, North Carolina, and Phillip Anthony Giordano, Esquire, Gordon, Fournaris & Mammarella, Wilmington, Delaware. Counsel for Defendant Midland Mortgage, a division of MidFirst Bank.

Delia A. Clark, Esquire, Rawle & Henderson LLP, Wilmington, Delaware. Counsel for Defendant Safeguard Properties Management, LLC.

**MEMORANDUM OPINION**

July 5, 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Catherine Mullane, who proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, filed this case in the District of Connecticut in July 2017. (D.I. 1, 7). It was transferred to this Court on January 4, 2019. (D.I. 67, 68). The matter proceeds on the Second Amended Complaint, filed October 26, 2020. (D.I. 112). The two named Defendants are Safeguard Properties and Midland Mortgage. Defendant Safeguard Properties states that it is actually Safeguard Properties Management. I will call it Safeguard. Before the Court are Defendant Safeguard's motion to dismiss and Defendant Midland Mortgage's motion for summary judgment and motion to strike. (D.I. 128, 132, 141). Briefing is complete.

### BACKGROUND AND FACTS PRESENTED BY THE PARTIES

The Second Amended Complaint contains three counts: trespass, conversion, and negligence. All other claims were previously dismissed. (D.I. 108, 124). The claims concern damage caused to a property located in Kent County that Plaintiff owns as a joint tenant with Anna M. Stanley who quit-claimed that ownership interest to Plaintiff. (D.I. 134 at 2). Stanley is the sole obligor on a promissory note secured by a mortgage assigned to Midland Mortgage, a division of MidFirst Bank. (*Id.* at 1-2). The mortgage contains the following clause:

> [Mortgagor, i.e., Anna Stanley] shall not commit or permit waste; and shall maintain the property in as good condition as at present, reasonable wear and tear excepted. Upon any failure so to maintain, Mortgagee, at its option, may cause reasonable maintenance work to be performed at the cost of Mortgagor.

1

(D.I. 134-11, at 10, ¶ 4). Midland/MidFirst contracted with Defendant Safeguard to provide services to the property to which Midland/MidFirst was a mortgagee. (D.I. 134 at 2).

Safeguard inspected the property on January 22, 2016, determining that it was vacant and in need of interior repair. (*Id.* at 3). On March 18, 2016, counsel for Plaintiff contact Midland/MidFirst to inquire about maintenance performed by Safeguard at the property. (*Id.*). On March 21, 2016, Plaintiff contacted Safeguard about maintenance at the property, and Safeguard advised Plaintiff to contact Midland/ MidFirst to verify her identity. (*Id.*) Safeguard inspected the property a second time on March 24, 2016, and, again, confirmed that it was vacant. (*Id.*). On May 13, 2016, Plaintiff and/or her representative called Midland/MidFirst and requested access to the lockbox. (*Id.*) Plaintiff was given the lockbox code. (*Id.*). Safeguard inspected the property on December 21, 2016, and saw no indication that Plaintiff or her representative "had taken any steps to remediate the property." (*Id.*). On August 18, 2017, Plaintiff and/or her representative called Midland/MidFirst and requested an itemization of the repairs performed by Safeguard in 2016. (*Id.* at 4). Plaintiff was provided a list of "all property preservation fees and repairs" made to the property. (*Id.*). On September 6, 2017, Plaintiff called Midland/MidFirst to discuss the property and requested removal of the lockbox, and she was provided with the lockbox code. (*Id.*).

The record reflects that the original complaint referred to communication with Safeguard, but it did not name Safeguard as a defendant. (D.I. 1). On March 6, 2018, Midland/MidFirst moved to dismiss on the grounds that Plaintiff failed to join Safeguard as an indispensable party, and Plaintiff filed a motion for leave to file an amended

2

complaint, and indicated that she was adding new allegations, but not a new party. (D.I. 23, 24, 57). The proposed amended complaint nevertheless named Safeguard as a defendant. (D.I. 57-1). Plaintiff then filed the proposed amended complaint without the Court having ruled on her motion. (D.I. 60). I granted the motion to amend on January 18, 2019, struck the amended complaint filed without permission, and, apparently overlooking that the proposed amended complaint (although not in full compliance with our Local Rules) was attached to Plaintiff's motion, ordered Plaintiff to submit the amended complaint for this Court's review on or before February 8, 2019. (D.I. 71). On May 9, 2019, I dismissed the case for failure to prosecute after Plaintiff failed to file the amended complaint. (D.I. 87). Plaintiff moved to reopen the case in June 2019 (D.I. 89) and moved for leave to file an amended complaint in October 2019 (D.I. 92). I granted both motions. (D.I. 94). The amended complaint named Safeguard as a defendant. (D.I. 95). Midland/MidFirst filed a motion to dismiss. (D.I. 96). The motion to dismiss was granted in part and denied in part, and Plaintiff was given leave to file a second amended complaint. (D.I. 108, 111).

Plaintiff filed the Second Amended Complaint on October 26, 2020, and on October 30, 2020, this Court entered a service order for service upon Safeguard. (D.I. 113). Plaintiff was ordered to provide documents for service upon Safeguard within 90 days from the date of that Order. (*Id.*). On February 21, 2021, Safeguard was dismissed as a defendant after Plaintiff failed to timely provide the required documents. (D.I. 119). Plaintiff filed a motion to vacate the dismissal order and, on April 5, 2021, provided the required service documents. (D.I. 120, 122). I vacated the dismissal order

and reinstated the service order. (D.I. 124). Safeguard executed the waiver of service on August 4, 2021. (D.I. 125).

## MOTION TO DISMISS

**Federal Rule of Civil Procedure 15**. The Federal Rules of Civil Procedure provides that an amendment to a pleading relates back to the date of the original pleading when the amendment arises out of the "conduct, transaction, or occurrence" set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). For an amendment that adds a party to relate back, the plaintiff must also satisfy additional conditions, including establishing that the party to be added, "within the period provided by Rule 4(m)," Fed. R. Civ. P. 15(c)(1)(C), received "such notice of the action that [it] will not be prejudiced in maintaining a defense on the merits." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 207 (3d Cir. 2006).

**Federal Rule of Civil Procedure 12(b)(6)**. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 545. Factual allegations do not have to be detailed, but must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

**Discussion**.  Safeguard moves for dismissal on the grounds that: (1) the Second Amended Complaint was not timely served pursuant to Fed. R. Civ. P. 4(m) and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5); and (2) notice was not provided to Safeguard under Fed. R. Civ. P. 15(c)(1)(C), the claims in the Second Amended Complaint raised against Safeguard do not relate back to the original complaint, are therefore time-barred, and should be dismissed under Rule 12(b)(6). (D.I. 128, 129). Plaintiff's opposition states that she "opposes each and every paragraph of Defendant's motion to dismiss [and other 'legal maneuver[s]'] to obfuscate to escape responsibility for their actions which a reasonable person would find wrong." (D.I. 139 at 3). She does not address or dispute the legal arguments raised in Safeguard's motion.

The Court turns first to the relation back/statute of limitations issue as it is case dispositive.

The original complaint was filed on July 20, 2017. (D.I. 1). In Delaware, the statute of limitations for trespass (Count One) is three years, 10 Del. C. § 8106; for conversion (Count Two), it is three years, 10 Del. C. § 3106; and for negligence (Count Three), it is two years, 10 Del. C. § 8107. The Second Amended Complaint describes Safeguard's alleged wrongful acts as occurring between February 2016 and May 2016. (D.I. 112). It is undisputed, and cannot be disputed, that the three-year statute of limitations on the trespass and conversion claims expired in May 2019 and the two-year

5

statute of limitations on the negligence claim expired in May 2018. The Second Amended Complaint was served on Safeguard on August 3, 2021. (D.I. 129-1 at 2; *see also* D.I. 125).

Rule 15(c) can overcome a statute of limitations problem by treating the claims against an added defendant as if they were filed on the date of the original complaint upon satisfaction of the "relation back" principles. *See Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 453 (3d Cir. 1996). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). The claims against Safeguard in the Second Amended Complaint are dependent upon and arise out of the occurrence set forth in the original complaint. But, to relate back, Plaintiff must also show that Safeguard received notice of institution of the action within [90] days of the filing of the complaint, and if it "received such notice that it will not be prejudiced in maintaining a defense on the merits." *Urrutia*, 91 F.3d at 453.

A review of the court docket leaves no doubt that Safeguard, as the added party, did not receive the required notice.

Plaintiff first named Safeguard as a defendant in the Amended Complaint filed without leave on November 30, 2018, some 16 months after the filing of the original complaint. (D.I. 60, 71). Safeguard was not served; it had no notice. Plaintiff was given leave to file an amended complaint. (D.I. 71). On May 9, 2019, the case was dismissed for failure to prosecute after Plaintiff failed to file an amended complaint. (D.I. 87). Plaintiff moved for, and was granted, reconsideration, and she filed an amended complaint on January 6, 2020, again naming Safeguard as a defendant, and

Midland/MidFirst moved to dismiss. (D.I. 89, 95, 96). Safeguard had not been served when Midland/MidFirst filed its motion. The motion to dismiss was granted in part and denied in part, and Plaintiff was given leave to file a second amended complaint which she did on October 26, 2020. (D.I. 108, 112). Based upon Plaintiff's *in forma pauperis* status, *see* 28 U.S.C. § 1915(d) and (e)(2), the Court screened the Second Amended Complaint and, on October 30, 2020, entered an order for service upon Safeguard. (D.I. 113). When Plaintiff did not provide the required forms within the 90 day timeframe as required by the order, I dismissed Safeguard as a defendant on February 12, 2021. (D.I. 119). Safeguard was not served; it had no notice. Plaintiff moved to vacate Safeguard's dismissal and submitted the required service documents. (D.I. 120, 122). The motion to vacate was granted, Safeguard was reinstated as a defendant, and the service packet was sent to the U.S. Marshals Service on July 19, 2021, some nine months after the Second Amended Complaint was filed. (D.I. 124). Safeguard filed its return of waiver of service of summons on August 5, 2021. (D.I. 126). Safeguard ultimately first received notice of this action over four years after Plaintiff filed the original complaint and almost three years after Plaintiff first named it as a defendant in the amended complaint. (D.I. 129-1 at 2).

As Safeguard has shown, and Plaintiff has failed to rebut, Safeguard has been prejudiced by the delay. (*See id.* (stating that the vendors who performed work are no longer active vendors with Safeguard; given the lapse of time, insurance coverage for Safeguard as an additional insured under vendors' policies is no longer available; and it has no way of locating individuals who performed work more than five years ago)). In addition, as evidenced by the original complaint, Plaintiff was aware of Safeguard's

7

potential involvement and, hence, there was no mistake concerning the proper party's identity. *See* Fed. R. Civ. 15(c)(1)(C)(ii). Nor do the pleadings indicate that Safeguard and Midland/MidFirst are so closely related in their business operations or other activities that the institution of an action against Midland/MidFirst served to provide notice of the litigation to Safeguard. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 227 (3d Cir. 2003).

Thus, relation back does not apply both because Safeguard did not get notice of the action within the time provided by Rule 4(m) and because the delay was prejudicial.

Safeguard's motion to dismiss will be granted. The claims were time barred by the time Safeguard became aware that it had been named a defendant by Plaintiff and Plaintiff failed to satisfy the relation back requirements of Rule 15(c)(1)(C)(i).

## MOTION FOR SUMMARY JUDGMENT

**Standards of Law**. Rule 56(c) requires the court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his

8

favor.'" *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

> Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotations, and alterations omitted).

**Discussion.** Midland/MidFirst moves for summary judgment on the grounds that the trespass, conversion, and negligence claims fail as a matter of law, and Plaintiff has failed to show she suffered any damages. (D.I. 132, 133). Plaintiff's opposition to Midland/MidFirst's motion for summary judgment consists solely of argument and is not accompanied by sworn affidavits or signed under penalty of perjury. (D.I. 139). Hence, her arguments cannot be relied upon as evidence to defeat Defendant's motion for summary judgment. *See Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (nonmoving party cannot simply assert factually unsupported allegations to meet burden at summary judgment).

Plaintiff cannot prevail on the trespass claim. In Delaware, in order to prove an intentional trespass to land a plaintiff must show: (1) that the plaintiff has lawful possession of the land; (2) that the defendant entered onto the plaintiff's land without consent or privilege; and (3) damages. *Newark Square, LLC v. Ladutko*, 2017 WL

9

544606, at *2 (Del. Super. Ct. Feb. 10, 2017). Entry onto the property in question must be intentional, but the plaintiff need not prove any wrongful intent. *Id*. The record evidence shows that the property at issue was reported vacant, Midland/MidFirst learned the property was in disrepair and vacant, and, pursuant to the terms of the Mortgage on the property, Midland/MidFirst exercised its option to cause reasonable maintenance work to be performed. Nor has Plaintiff proven that she suffered damages as a result of Midland/MidFirst's entry onto the property. No reasonable jury could find in favor of Plaintiff and against Midland/MidFirst and, therefore, the Court will grant Midland/ MidFirst's motion for summary judgment on the trespass claim.

Plaintiff cannot prevail on the conversion issue. "It is well-settled in Delaware that conversion applies to chattel but not to real property." *Cornell Glasgow, LLC v. LaGrange Properties, LLC*, 2012 WL 3157124, at *5 (Del. Super. Ct. Aug. 1, 2012) (citations omitted). "Chattel is '[m]ovable or transferable property; personal property; esp., a physical object capable of manual delivery and not the subject matter of real property.'" *Id*. "Real property is '[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land.'" *Id*. For Plaintiff to recover under a theory of conversion, she must prove precisely which property Midland/MidFirst converted and that her interest in the property was viable at the time of the conversion. *See CIT Commc'ns Fin. Corp. v. Level 3 Commc'ns, LLC*, 2008 WL 2586694 (Del. Super. Ct. June 6, 2008).

The Second Amended Complaint alleges that Midland/MidFirst removed, disposed of, destroyed and/or pilfered the personal property of Plaintiff located in the property, that the personal property was not returned to Plaintiff, and that

Midland/MidFirst converted the personal property to its own use and benefit to the exclusion of Plaintiff. (D.I. 112 at 7). In her opposition Plaintiff argues, without support, that Safeguard hired individuals who damaged and removed property that belonged to her. (D.I. 139 at 2). She does not refer to Midland/MidFirst. The record evidence does not support Plaintiff's claim of conversion against Midland/MidFirst and no reasonable jury could find for her on this issue.

Therefore, the Court will grant Midland/ MidFirst's motion for summary judgment on the conversion issue.

Plaintiff cannot prevail on the negligence issue. To succeed on a negligence claim, Plaintiff must establish that: (1) defendant owed the plaintiff a duty of care; (2) defendant breached that duty; (3) plaintiff was injured; and (4) defendant's breach caused the plaintiff's injury. *Campbell v. DiSabatino*, 947 A.2d 1116, 1117 (Del. 2008). If the Court finds that the defendant owed no duty to the plaintiff, the defendant is entitled to summary judgment as a matter of law. *Helm v. 206 Mass. Avenue, LLC*, 107 A.3d 1074, 1078 (Del. 2014).

The Second Amended Complaint contains numerous allegations of Midland/ MidFirst's duty of care to Plaintiff, its negligence, and breach of duty. In her opposition, Plaintiff argues that Midland/MidFirst's act of authorizing Safeguard to break into her home is the proximate cause of what followed. She did not, however, produce a scintilla of evidence to support her allegations in her opposition to the motion for summary judgment. Nor does she refute the affidavit, exhibits, and other evidence submitted by Midland/MidFirst (D.I. 134 (*e.g.*, paragraph 4 of the Mortgage; Plaintiff is not a party to the mortgage; evidence that the property was vacant and had been

11

vandalized; mold was present upon the first inspection of the property). As with her other claims, no reasonable jury could find in favor of Plaintiff and against Midland/MidFirst.

The Court will grant Midland/MidFirst's motion for summary judgment on the negligence issue and will deny Midland/MidFirst's motion to strike Plaintiff's opposition to its motion for summary judgment.

## CONCLUSION

For the above reasons, the Court (1) will grant Safeguard's motion to dismiss (D.I. 128); (2) will grant Midland/MidFirst's motion for summary judgment (D.I. 132); and (3) will deny Midland/MidFirst's motion to strike (D.I. 141).

An appropriate order will be entered.